UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODELL FREENY,

          Petitioner,          Case No. 1:08-cv-668

v.                                HON. JANET T. NEFF

WILLIE O. SMITH,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the amended petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    <u>Factual allegations</u>

Petitioner presently is incarcerated at the Ionia Maximum Correctional Facility. On March 14, 2007, Petitioner pleaded guilty in the Ingham County Circuit Court to unarmed robbery, MICH. COMP. LAWS § 750.530. The trial court sentenced Petitioner on April 25, 2007 to seventy-one months to thirty years' imprisonment, as a third habitual offender under MICH. COMP. LAWS § 769.10. The trial court appointed appellate counsel to Petitioner on June 1, 2007. However, appellate counsel subsequently withdrew from Petitioner's case, and, thus, counsel never filed an application for leave to appeal in the Michigan Court of Appeals or the Michigan Supreme Court. (Attach. 1 to Pet., Dkt 1.)

Petitioner filed a Motion for Relief from Judgment in the Ingham County Circuit Court on May 20, 2008.[1] The trial court denied the motion on June 17, 2008. (Attach. 1 to Pet.) In his motion, Petitioner argued that his conviction should be reversed because (1) he was denied the right to the effective assistance of trial counsel under the Sixth Amendment when counsel failed to investigate and present factually sufficient evidence; and (2) he was denied the effective assistance of appellate counsel in violation of the Sixth Amendment when appellate counsel failed to compile an appellate brief. (*Id.*) Petitioner did not seek leave to appeal in the Michigan Court of Appeals or the Michigan Supreme Court for the denial of his motion. (Am. Pet. at 3-4, Dkt 8.)

---

[1] In his amended application for habeas corpus relief, Petitioner stated that he did not know when he filed his Motion for Relief from Judgment. (Am. Pet. at 3, Dkt 8.) Petitioner's Motion for Relief from Judgment, however, indicates that Petitioner signed the motion on May 20, 2008. (Attach. 1 to Pet.,Dkt 1.) For purposes of this opinion, the Court will use the date of the motion, May 20, 2008, as the filing date.

On July 9, 2008[2], Petitioner filed his initial application for habeas corpus relief. (Br. in Supp. of Pet., Dkt 1.) The Court, however, ordered Petitioner to file an amended petition on August 28, 2008. (Order, Dkt 7.) On or about September 23, 2008, Petitioner filed his amended application for habeas corpus relief, raising the following two grounds for habeas corpus relief:

   I.   TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO INVESTIGATE AND PRESENT FACTUALLY SUFFICIENT EVIDENCE.

   II.  APPELLATE COUNSEL WAS INEFFECTIVE BY FAILING TO COMPILE AN APPELLATE BRIEF.

(Br. in Supp. of Pet. at ¶ 7, Dkt 1.)

   II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on July 9, 2008, and it was received by the Court on July 14, 2008. Thus, it must have been handed to prison officials for mailing at some time between July 9 and 14. For purposes of this report and recommendation, the Court has given Petitioner the benefit of the earliest possible filing date.

480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner did not file leave to appeal in the Michigan Court of Appeals or Michigan Supreme Court on direct appeal or for the denial of his Motion for Relief from Judgment. Since Petitioner has not fairly presented his federal claims to all levels of the state appellate system, his grounds for habeas corpus relief are unexhausted. *See Duncan*, 513 U.S. at 365-66; *Silverburg*, 993 F.2d at 126; *Hafley*, 902 F.2d at 483; *O'Sullivan*, 526 U.S. at 845. Accordingly, the filing of Petitioner's initial application for habeas corpus relief on July 9, 2008, was premature.

### III.   Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.[3] *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

---

[3]In an unpublished Sixth Circuit decision, the court found that 28 U.S.C. § 2244(d)(1)(B) may apply in cases where a petitioner has alleged facts that he was actually prevented from timely filing a habeas petition because of the ineffectiveness of his state appellate counsel. *Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003). In *Winkfield,* the court held that the ineffective assistance of counsel in failing to advise the petitioner that a "new trial motion had been denied and thus the time to appeal was running," and actively misleading the petitioner that his "motion and direct appeal were still pending" constituted state action. *Id.* at 582. However, the court ultimately held that § 2244(d)(1)(B) did not apply because the petitioner failed to show a "causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583. Likewise, no such allegations have been made in

Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not seek leave to appeal under Michigan Court Rule 7.205(F)(3)[4] from his criminal judgment, entered by the Ingham County Circuit Court on April 25, 2007. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" under § 2254) (emphasis added). Under Michigan Court Rule 7.205(F)(3), Petitioner had one year in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner, however, is not entitled to the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (finding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, the decision must be considered final at the expiration of the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See Roberts*

---

this case. Although Petitioner's appointed appellate attorney failed to perfect an appeal on his behalf, Petitioner never alleged that his appellate attorney actively misled him or erroneously informed him that he had no federal remedies. *See id.* at 582-83. Therefore, the one-year limitations provision set forth in § 2244(d)(1)(B) is inapplicable to this case.

[4]For offenses occurring on or after December 30, 1994, an appeal of a guilty plea in Michigan is by an application for leave. *See* MICH. CONST. 1963, Art. 1, § 20; MICH. COMP. LAWS § 770.3(1)(e).

*v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *O'Valle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Therefore, Petitioner's conviction would have become final on April 25, 2008, when the time for filing his delayed application for leave to appeal expired. Without the benefit of tolling, the statute of limitations will run one year later on April 25, 2009.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 1086. Petitioner filed his Motion for Relief from Judgment on May 20, 2008, after 24 days had run in the one-year statute of limitations. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run). Therefore, Petitioner has 341 days remaining in the statute of limitations. The trial court denied Petitioner's motion on June 17, 2008. Petitioner has not yet appealed the denial of the motion to the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner has one year from the date of the trial court's order denying the motion, or until June 17, 2009, in which to file his application for leave to appeal to the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3)(a). Assuming Petitioner proceeds with his appeals, the statute will remain tolled until the Michigan Supreme Court issues a decision. *See Lawrence*, 127 S. Ct. at 1082. Thereafter, Petitioner will have 341 days to file a habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[5] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining before the statute of limitations expires in the instant case. Because Petitioner has far more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state-court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

---

[5] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

**Conclusion**

For the foregoing reasons, the Court will dismiss the amended petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's amended application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order consistent with this Opinion will be entered.


Dated: November 25, 2008              /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge